**Benjamin SIMONS and Robin Simons, Plaintiffs–Appellees,**

**v.**

**John J. FITZGERALD, Trooper, in his individual and official capacity, Investigator Gary Schultz, in his individual and official capacity, Trooper Harvey, supervisor, in his individual and offi-**

---

cial capacity and Trooper Jack Graham, supervisor, in his individual and official capacity, Defendants–Appellants.

**New York State Police and State of New York, Defendants.[1]**

No. 07–0773–cv.

United States Court of Appeals, Second Circuit.

July 25, 2008.

David M. Finkelstein (Barbara D. Underwood, Solicitor General, Nancy A. Spiegel, Senior Assistant Solicitor General, Kate H. Nepveu, Assistant Solicitor General, on the brief), for Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY, for Defendants–Appellants.

A.J. Bosman, Utica, NY, for Plaintiffs–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

The defendants-appellants, New York State troopers and investigators, appeal an interlocutory order of the United States District Court for the Northern District of New York (Hurd, *J.*), denying in part their motions to dismiss and for summary judgment on the plaintiffs-appellees' claims under Section 1983 and the Fourth Amendment for, among other things, false arrest, malicious prosecution, and abuse of process. We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review *de novo* the denial of summary judgment with respect to the false arrest and malicious prosecution claims on qualified immunity grounds, *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir.2003), viewing the facts and "constru-

1. We direct the Clerk of Court to amend the official caption as noted above.

ing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of the nonmoving party," *Doro v. Sheet Metal Workers' Int'l Ass'n,* 498 F.3d 152, 155 (2d Cir.2007). "Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Zellner v. Summerlin,* 494 F.3d 344, 367 (2d Cir. 2007) (internal quotation marks omitted). The officers in this case benefit from qualified immunity on the false arrest and malicious prosecution claims if "it was objectively reasonable for [them] to believe they did have probable cause" to arrest Simons and, subsequently, to prosecute him for insurance fraud, falsely reporting an incident, and making a false punishable written statement. *Id.* at 369; *see, e.g., Savino,* 331 F.3d at 72–76. This standard is met "when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law." *Zellner,* 494 F.3d at 369 (internal quotation marks omitted). Summary judgment is unwarranted, however, where there are disputes as to facts material to this question. *See, e.g., Jones v. Parmley,* 465 F.3d 46, 63–64 (2d Cir.2006).

Based on the facts we must assume to be true for the purposes of assessing the denial of summary judgment, we cannot conclude that it was objectively reasonable for Trooper Fitzgerald and Investigator Schultz to believe that they had probable cause to arrest Simons for insurance fraud, falsely reporting an incident, and making a false punishable written statement. At the time of the arrest, the officers were confronted with conflicting claims of ownership from Simons and a neighboring farm-

er, Brian Loranger, to the "mostly black" cow that was discovered several days earlier on state land leased by Simons. Although Loranger presented a plausible explanation for the cow's physical condition and the location of its discovery, the officers knew that Simons had asserted, both verbally and in writing, that he had been missing a cow on his dairy farm for several days. Moreover, Loranger's statement to the officers that he had heard that Simons drowned sick cows in the past to collect insurance claims was no more than a bald assertion because Loranger could not identify the source of this belief or substantiate it. Based on these facts, we conclude that the district court properly concluded that Trooper Fitzgerald and Investigator Schultz were not entitled to summary judgment on their qualified immunity defense. Since the district court denied appellant's motion to dismiss the abuse of process claim under Rule 12(b)(6), Fed. R.Civ.P., it did not reach appellants' qualified immunity defense to that claim, and so we have no occasion to consider it at this time.

We have considered the appellants' other arguments and conclude that they lack merit. For the foregoing reasons, the ruling of the district court is AFFIRMED.